**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darrell Lynn SNYDER, Defendant–Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**United States of America, Plaintiff–Appellee,**

v.

**Darrell Lynn Snyder, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Darrell Lynn Snyder, Defendant–Appellant.**

Nos. 06–35568, 06–35569, 06–35570.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Leslie K. Baker, Esq., United States of Attorney's Office, Eugene, OR, for Plaintiff–Appellee.

Darrell Lynn Snyder, Federal Correctional Institution, Taft, CA, pro se.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Darrell Lynn Snyder appeals pro se from the district court's denial of his 28

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

432

U.S.C. § 2255 motions, challenging his 235–month sentence imposed after his guilty-plea conviction for conspiracy to import cocaine in violation of 21 U.S.C. §§ 952(a) and 963, possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a), and money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(A). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Snyder was granted certificates of appealability based on his claims of ineffective assistance of counsel, which are all based on alleged deficient performance regarding his sentence. Specifically, Snyder contends counsel was ineffective for: advising him to accept the terms of his guilty plea; failing to object to the version of the United States Sentencing Guidelines that was applied to him; having certain charges against him dismissed as part of the plea agreement; and being intimidated by appellee into not challenging the sentence. The record shows that Snyder received effective assistance. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (explaining that ineffective assistance claim fails if one component of two-prong inquiry is not met).

**AFFIRMED.**